UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KEVIN SMITH, as Personal Representative )
of the Estate of GREGORY SMITH, Deceased, )
)
    Plaintiff, )
)
v. )
)
COUNTY OF LAKE, LAKE COUNTY )
SHERIFF JOHN BUNCICH, and )
UNKNOWN OFFICERS, )
)
    Defendants. )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, KEVIN SMITH, as Personal Representative of the Estate of GREGORY SMITH, Deceased, by and through his attorneys, DEUTSCHMAN & ASSOCIATES, PC, complaining of Defendants COUNTY OF LAKE, LAKE COUNTY SHERIFF JOHN BUNCICH, and UNKNOWN OFFICERS, and stating as follows:

### I. JURISDICTION

1. Jurisdiction is proper under the Civil Rights Act, 42 U.S.C. § 1983; the Judicial code, 28 U.S.C. § 1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

### II. PARTIES

2. GREGORY SMITH died on March 26, 2015.

3. On March 31, 2015, KEVIN SMITH, the natural brother of decedent, was appointed by the Probate Division of the Lake County Circuit Court to serve as Personal Representative of the Estate of GREGORY SMITH, pursuant to I.C. 34-23-1-1. The Probate matter reflecting said appointment bears Cause No. 45 C01 1503 ES00 038.

4. Defendant, LAKE COUNTY SHERIFF JOHN BUNCICH, was at all times relevant hereto an officer of Defendant COUNTY OF LAKE, and was also the supervisor of the Lake County Jail.

5. Defendant, LAKE COUNTY SHERIFF JOHN BUNICH, is a duly constituted public entity, and is liable for any judgment entered against the Defendants, UNKNOWN OFFICERS, arising out of their employment.

6. Defendants, UNKNOWN OFFICERS, were at all times relevant hereto employed by, acting on behalf of, and acting in the scope of their employment for Defendants LAKE COUNTY SHERIFF JOHN BUNCICH and COUNTY OF LAKE.

7. DEFENDANT, COUNTY OF LAKE, is a duly incorporated municipal corporation. At all relevant times, the Defendants UNKNOWN OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of Defendant COUNTY OF LAKE.

### III. FACTS

8. GREGORY SMITH was a resident of Hobart, Indiana.

9. On or about March 25, 2015, GREGORY SMITH, was pulled over by officers of the Hobart Police Department in Hobart, Indiana, and was subsequently arrested by officers of the Hobart Police Department, on information and belief due to an outstanding misdemeanor warrant.

10. After his arrest by the Hobart Police Department, GREGORY SMITH was transferred into the custody of the Crown Point Police Department.

11. Thereafter GREGORY SMITH was taken to the Lake County Jail, located at 2293 North Main Street, Crown Point, Indiana.

12. While being held at Lake County Jail, the UNKNOWN OFFICERS used a taser on GREGORY SMITH.

13. The UNKNOWN OFFICERS' use of the taser on GREGORY SMITH was unnecessary, excessive and improperly executed.

14. The UNKNOWN OFFICERS used the taser unnecessarily in an attempt to modify GREGORY SMITH's behavior while he was experiencing personal emotional problems, and while he was not being aggressive towards the officers, staff, other persons in custody, or anyone else.

15. The UNKNOWN OFFICERS' use of the taser on GREGORY SMITH, proximately caused GREGORY SMITH, to go into cardiac arrest.

16. As a result of the use of the taser by the UNKNOWN OFFICERS, GREGORY THOMAS SMITH died.

17. As a direct and proximate result of the aforementioned acts of the Defendants UNKNOWN OFFICERS', GREGORY SMITH, went into cardiac arrest and died.

18. On or about March 25 and March 26, 2015, the UNKNOWN OFFICERS were on duty at all relevant times, and were deputized police officers of Defendants LAKE COUNTY SHERIFF JOHN BUNCICH and COUNTY OF LAKE.

19. The UNKNOWN OFFICERS engaged in the conduct complained of on said dates, in the course and scope of their employment by Defendants LAKE COUNTY SHERIFF JOHN BUNCICH and COUNTY OF LAKE, and while on duty.

### COUNT I - §1983 Excessive Force - UNKNOWN OFFICERS

20. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 19 above as though fully stated herein.

21. The UNKNOWN OFFICERS' actions in using unreasonable force on GREGORY SMITH amounted to an excessive use of force and violated the Fourth Amendment to the United States Constitution.

22. The aforementioned actions of the UNKNOWN OFFICERS amounted to constitutional violations set forth above, and as a direct and proximate result of said actions, Plaintiff suffered damages including but not limited to the death of GREGORY SMITH.

**WHEREFORE**, Plaintiff demands judgment against the Defendants UNKNOWN OFFICERS, and such other and further relief as the Court deems equitable and just.

### COUNT II - State Law Battery Claim - UNKNOWN OFFICERS

23. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 19 above as though fully stated herein.

24. The UNKNOWN OFFICERS used a taser on GREGORY SMITH intentionally, without consent and without justification.

25. The conduct of the UNKNOWN OFFICERS was in violation of the laws of the State of Indiana.

26. The aforementioned actions of the UNKNOWN OFFICERS were the direct and proximate cause of the injuries set forth above, including but not limited to the death of GREGORY SMITH.

**WHEREFORE**, Plaintiff demands judgment against the Defendants UNKNOWN OFFICERS, and such other and further relief as this Court deems equitable and just.

### COUNT III - Wrongful Death under I.C. 34-23-1-1 - UNKNOWN OFFICERS

27. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 19 above as though fully stated herein.

28. The UNKNOWN OFFICERS, through their wrongful acts and/or omissions, caused the death of GREGORY SMITH.

29. The wrongful acts or omissions of the UNKNOWN OFFICERS that caused the death of GREGORY SMITH violated Title 34, Article 23, Chapter 1, Section 1 of the Indiana Code.

30. A Personal Representative of the Estate of GREGORY SMITH, namely his brother KEVIN SMITH, has been duly appointed by the Lake County Probate Court, pursuant to I.C. 34-23-1-1.

**WHEREFORE**, Plaintiff demands judgment against the Defendants UNKNOWN OFFICERS, and such other and further relief as this Court deems equitable and just.

### COUNT IV – *Respondeat Superior* – LAKE COUNTY SHERIFF JOHN BUNCICH

31. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 19 and 23 through 30 above as though fully stated herein.

32. The aforesaid actions of the Defendants, UNKNOWN OFFICERS, were committed in the course and scope of their employment as police officers and, therefore, Defendant LAKE COUNTY SHERIFF JOHN BUNCICH, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior* for all state laws claims herein.

**WHEREFORE**, Plaintiff demands judgment against the Defendants LAKE COUNTY SHERIFF JOHN BUNCICH, and such other and further relief as this Court deems equitable and just.

### COUNT V - Indemnification - LAKE COUNTY SHERIFF JOHN BUNCICH

33. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 30 above as though fully stated herein.

34. Defendant LAKE COUNTY SHERIFF JOHN BUNCICH is the employer of the Defendants, UNKNOWN OFFICERS, alleged above.

35. The UNKNOWN OFFICERS, as alleged above, committed the acts under color of law and in the course and scope of employment of Defendant LAKE COUNTY SHERIFF JOHN BUNCICH.

**WHEREFORE**, should the Defendants, UNKNOWN OFFICERS, be found liable for any of the alleged counts in this case, Plaintiff demands that, pursuant to Indiana law, Defendant LAKE COUNTY SHERIFF JOHN BUNCICH pay Plaintiff any judgment obtained against the Defendant UNKNOWN OFFICERS as a result of this Complaint.

### COUNT VI – *Respondeat Superior* – COUNTY OF LAKE

36. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 19 and 23 through 30 above as though fully stated herein.

37. The aforesaid actions of the Defendants, UNKNOWN OFFICERS, were committed in the course and scope of their employment as police officers and, therefore, Defendant COUNTY OF LAKE, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior* for all state laws claims herein.

**WHEREFORE**, Plaintiff demands judgment against the Defendant COUNTY OF LAKE, and such other and further relief as this Court deems equitable and just.

### COUNT VII - Indemnification – COUNTY OF LAKE

38. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 30 above as though fully stated herein.

39. Defendant COUNTY OF LAKE is the employer of the Defendants, UNKNOWN OFFICERS, alleged above.

40. The UNKNOWN OFFICERS, as alleged above, committed the acts under color of law and in course and scope of employment of Defendant COUNTY OF LAKE.

**WHEREFORE**, should the Defendants, UNKNOWN OFFICERS, be found liable for any alleged counts in this case, Plaintiff demands that, pursuant to Indiana law, DEFENDANT LAKE COUNTY pay the PLAINTIFF any judgment obtained against the DEFENDANT UNKNOWN OFFICERS as a result of this Complaint.

Respectfully submitted,

Bradley A. Skafish
Attorney for Plaintiff

By: \_\_\_/s/ Bradley A. Skafish_____
Bradley A. Skafish
Deutschman & Associates, PC
77 W. Washington St. – 1525
Chicago, IL 60602
(P) (312) 419-1600
(F) (312) 419-1610
brad@deutschmanlaw.com